And we move to the last case for this morning, Radio One v. Direct Media Power. Mr. Putlock and Mr. Rosenfield. Mr. Putlock, you may proceed. Thank you, Your Honor, and good morning, Your Honors. May it please the Court. I'm sorry. Somebody must have. Yes, I apologize, Your Honor. I turned it off. Again, Barry Footlick on behalf of the appellant, DMP, Direct Media Power, and Dean Tucci. This matter is before Your Honors regarding a matter of subject matter jurisdiction regarding holding DMP and Mr. Tucci to be residents of Illinois and doing so for the sole purpose of creating diversity jurisdiction in federal court. I'll address each one individually, if I may. With regards to Mr. Tucci, the attempt to bring Mr. Tucci into court is in an attempt to pierce the corporate veil, thus making Mr. Tucci an alter ego of his corporation and held personally liable. That's the sole basis for subject matter jurisdiction and, generally speaking, subject matter jurisdiction as to whether, I'm sorry, determination as to whether to pierce the corporate veil is a question of state law when diversity is not present. Urban One holding Mr. Tucci personally liable for the debt of a corporation, the action being done for the sole purpose of imposing an obligation to pay on a person not already liable for that and using that as the sole basis for diversity jurisdiction. Courts have held that diversity jurisdiction does not exist in those cases, and many courts have denied the existence of federal jurisdiction over various judgment recovery efforts, including the assertion of alter ego claims. Mr. Tucci is a resident of the state of Illinois as that he lives there. However, to impose that on him as a member for corporation purposes requires more. Courts have held that when proceedings seek to hold non-parties liable for a judgment on a theory that requires proof on facts and theories different from the underlying judgments, independent jurisdiction must exist and does not in this case. Also, the alter ego doctrine should create jurisdiction. If I could interrupt for a minute. We now have a final judgment on the preliminary. The appeal came to us as an appeal from a preliminary injunction, and we now have a final judgment, so why isn't the appeal moved? The appeal was filed before the final judgment was entered. I understand that, but now we have a final judgment, and that moots any question of the propriety of the preliminary injunction. You didn't appeal from the final judgment, so we don't have that. Correct. Because at the time the appeal was filed, there was no final judgment, so I was appealing the preliminary judgment. The issue of the preliminary injunction is now moot, whether that was proper or improper. What we have now is a final judgment and no appeal from the final judgment. As to Mr. Tucci's suit or the issue that Mr. Tucci is arguing or that you're arguing on behalf of Mr. Tucci is moot, and you didn't brief any argument on DMP's substantive liability. In fact, your disclosure statement says you're only appearing for Mr. Tucci, so I think we have a procedural impediment to reaching any substantive arguments about the DMP judgment or DMP liability. Okay. Do you have a response? I mean, I did file an appearance on behalf of both. I do represent both. But you didn't brief anything regarding DMP's substantive liability. And in the brief itself, you said you're appearing only for Mr. Tucci. And again, Mr. Tucci's argument about the propriety or impropriety of the preliminary injunction is now moot because we have a final judgment. That part I understand. Obviously, the final judgment came down once this was in process, so I understand what you're saying about that being moot now. I did touch on DMP. I mean, I did briefly touch on DMP as far as, you know, it being a situation where it was a corporation that was created. You've waived that opportunity. You didn't brief anything. Then, absent rebuttal, I have nothing further. Okay. Thank you.  I may please the court. My name is Stephen Rosenfeld, and I represent Diapoli Urban One, formerly known as Radio One Inc. In light of the court's finding that DMP has waived the right to argue an appeal and that Mr. Tucci, his appeal is moot, I will largely rest on the briefs. Only saying, I think, and adding, Your Honors, that to the extent the court considers anything with regard to subject matter jurisdiction regarding Mr. Tucci, Mr. Tucci, there is an independent basis for jurisdiction vis-a-vis Mr. Tucci. He's an Illinois citizen. He lives in Illinois, resides in Illinois, admitted he's an Illinois citizen. My client, Radio One Inc., is a Maryland and Delaware citizen. They are a Delaware corporation with their principal place of business in Maryland, so there's clear diversity. And to the extent that Mr. Tucci is trying to bootstrap citizenship of DMP using some Supreme Court cases which don't, frankly, hold what he says that they held, it's in direct violation of this court's opinion in Golan, which is a 2017 opinion cited in our brief wherein the court specifically held that veil piercing is a rule of liability, not a basis on which to determine citizenship. So with that, Your Honor, based on the court's comments to this point, I will cede the rest of my time unless the court wishes me to address any other issues or has any further questions. It doesn't appear so. Thank you. Mr. Foote, do you have anything further? Based on what the court has said, there's nothing more I can say. All right. Thanks, counsel. The case is taken under advisement, and that concludes the oral argument for this morning, and the court will be in recess.